### MATTHEWS, Plaintiff-Appellee, v. MATTHEWS, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4598.  Decided September 27, 1951.

John F. Seidel, Columbus, for plaintiff-appellee.
Milton L. Farber, Columbus, for defendant-appellant.

### OPINION

By MILLER, J.

This is a law appeal from the judgment of the Court of Common Pleas dismissing the plaintiff's petition to vacate a judgment entered on January 27, 1950, awarding the plaintiff a divorce and permanent alimony.  The grounds upon which the vacation is sought is fraud in the procurement of the same.

The record reveals that while the original action was pending the parties entered into a separate agreement in which they sought to settle all their marital and property rights. Both parties complied with all of the covenants in said agreement except that the defendant failed and neglected to pay

the sum of $100.00 agreed as expense money. The defendant was notified several times of his default and was also notified that unless the same was paid by a certain date the court would be asked to rescind the contract and award the plaintiff permanent alimony. After the expiration of said date plaintiff and counsel appeared before the court, the defendant being in default for answer, and upon hearing being had the court awarded the plaintiff a divorce and as to the property settlement found: "The court finds from the evidence adduced and the contract that said contract is not fair and equitable, and therefore sets said contract aside as of no effect between the parties." Counsel for the appellant urges that the court received no evidence as to whether or not the settlement agreement was fair and equitable and which it was required to do. Citing **Brewer v. Brewer, 84 Oh Ap 35.**

The facts, however, are not borne out by the record, the plaintiff testifying that she did not remember if anything was said about the separation agreement at the former trial, stating that she had been worried over illness in her family. However, her counsel testified that he explained the entire transaction and set forth all the facts fully to the court. The court in its judgment also recites that from the evidence it finds the agreement neither fair nor equitable.

■ Clear and convincing evidence of fraud must be produced before a judgment will be vacated upon this ground. **Kight v. Boren, 39 Abs 96,** by this court. In the case at bar we find no evidence of any fraud being practiced by the successful party.

The next question presented is whether the court erred in finding the defendant guilty of contempt. The record reveals that the defendant was not present at the trial when the alimony award was made; that he was served no copy of the order and he testified that he had no knowledge of the order prior to the citation in contempt being served upon him.

■ It is essential to the punishment of a person for contempt for the violation of a court order that he have notice of the order, either actual or by service of the same upon him. See **9 O. Jur. 84, Section 44** and cases cited.

We find no other assigned errors well taken.

The judgment dismissing the petition to vacate will be affirmed and that finding the defendant guilty of contempt is reversed.

HORNBECK, PJ, WISEMAN, J, concur.